UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

| Case No. | SACR 08-0180-DOC | Date | January 23, 2014 |
|---|---|---|---|

| Present: The Honorable | David O. Carter, U.S. District Judge |
|---|---|

| Interpreter | None |
|---|---|

| Julie Barrera | Not Reported | Lawrence Kole, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) MOSES ONCIU | Not | | X | 1) Gerald Werksman, CJA | Not | | X |

**Proceedings:**  ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

   Before the Court is Moses Onciu's Motion for Judgment of Acquittal under Rule 29(c). Defendant Onciu alleges the following grounds for his motion: 1) the Court erred in not granting the motion for acquittal on all counts after the Government rested its case; 2) the Court erred in not granting the motion for acquittal on all counts at the end of all the evidence; 3) the Court erred by not giving Disputed Instructions 3; and 4) the Court erred by not giving Disputed Instruction 4.

   I.   Legal Standard

   Under Rule 29 of the Federal Rules of Criminal Procedure, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed R. Crim. Pro. 29(a).  Entry of a judgment of acquittal is proper only if the court concludes, after viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in the government's favor, that no reasonable juror could find the defendant guilty of the crime charged beyond a reasonable doubt.  *United States v. Leos–Maldonado,* 302 F.3d 1061, 1063 (9th Cir. 2002).

   II.   Discussion

   The Court finds that the Government submitted sufficient evidence to support Defendant Onciu's convictions.  The Court therefore DENIES the Motion regarding grounds one and two.

   The Court also DENIES the motion regarding Grounds Three and Four.  Disputed Instruction Number 3 requested an instruction on multiple conspiracies.  Defendant Onciu argues that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

Indictment inappropriately included multiple conspiracies in Count One, an error that should have been cured through a multiple conspiracies instruction. At trial, the Government argued that the indictment stated multiple schemes to defraud, including TSI and the other "deals" the Defendant presented independently, all of which formed one conspiracy. The Government claimed that this is not a case of multiple conspiracies as contemplated by the case law, and so no multiple conspiracy instruction is necessary.

The Court reiterates its reasoning from trial, and finds that a multiple-conspiracy instruction was not appropriate in this case. "Our precedents require a multiple-conspiracies instruction only in the event that the evidence showed other conspiracies that were *unrelated to* or *separate from* the conspiracy charged, because it is well-established that 'a single conspiracy may involve several subagreements or subgroups of conspirators.'" *United States v. Fernandez*, 388 F.3d 1199, 1248 n.34 (9th Cir. 2004) *modified,* 425 F.3d 1248 (9th Cir. 2005). "A multiple conspiracies instruction is generally required where the indictment charges several defendants with one overall conspiracy, but the proof at trial indicates that a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies unrelated to the overall conspiracy charged in the indictment." *United States v. Anguiano*, 873 F.2d 1314, 1317 (9th Cir. 1989). "In this type of situation, one of the defendants argues that he or she was only involved, if at all, in a minor conspiracy that is unrelated to the overall conspiracy charged in the indictment, and that a multiple conspiracies instruction is required in order to ensure that there is no 'spillover' of guilt from one defendant to another. However, there is no problem of spillover when, as in this case, the defendant stands trial alone." *Id*. at 1318.

The Court understands Defendant to be arguing first that the indictment charges only the TSI conspiracy, second that the TSI conspiracy is a separate conspiracy in which Onciu was not involved, and third that Onciu was thus entitled to a jury instruction allowing the jury to find that Onciu may have been part of *a* conspiracy, but not the TSI conspiracy as charged in the indictment.

The indictment alleges that the Defendant and co-conspirators engaged in a conspiracy between November 29, 2006 and March 7, 2007. The conspiracy's alleged object was to "commit wire fraud . . . in connection with the promotion of fraudulent high yield investment schemes promising extremely high returns at little or no risk to principal." Indictment at 3-4. The indictment does not specify the TSI agreement as the single conspiracy claimed. The evidence presented at trial does not suggest two entirely separate conspiracies functioning at the same time. Rather, the Court finds the evidence suggests one overarching conspiracy that included several approaches or deals that the Defendants offered the undercover agent.

At most, the evidence might suggest a conspiracy described in *Fernandez* and *Bibbero* in which one overarching conspiracy includes "several subagreements or subgroups of conspirators." *See Fernandez*, 388 F.3d at 1248; *United States v. Bibbero,* 749 F.2d 581, 587 (9th Cir. 1984). Even if that were the case, those cases make clear that this is not a basis for a multiple conspiracies instruction. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

Court thus DENIES the Motion for Acquittal on this basis.

Disputed Instruction 4 is a 404(b) instruction. The parties agreed that Instruction 4 was to be given *only if* the Court agrees with Defendant's argument that multiple conspiracies or schemes existed. Because the Court finds no basis for acquittal regarding Disputed Instruction 3, the Court similarly DENIES the motion with respect to Disputed Instruction 4.

IV. Disposition

Defendant's Motion for Acquittal under Rule 29(c) is DENIED.

cc: PSA, USPO

Initials of Deputy Clerk          jcb